IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEANETTA BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1682 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Jeanetta Berry has sued the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* to recover for injuries she suffered in a car accident allegedly caused by former U.S. Navy recruiter David Jordan. The case is before the Court on defendant's motion pursuant to Federal Rule of Civil Procedure ("Rule") 56(c) for summary judgment. For the reasons set forth below, the Court grants the motion.

## Facts

In May 2005, David Jordan was a U.S. Navy recruiter stationed in Chicago. (Pl.'s Supplemental LR 56.1(b)(3)(B) Stmt. ¶ 1.) In the course of his duties, Jordan drove a government car. (Pl.'s Supplemental LR 56.1(b)(3)(C) Stmt. ¶ 25.) Though recruiters were not supposed to take government cars home at night without their supervisors' permission, Jordan said the practice was so common in the Chicago-area offices that he "got the assumption that [he] could do it." (*Id.*, Ex. B, Jordan Dep. at 20-22.)

On May 21, 2005, Jordan did recruiting work at Navy Pier from 7:00 a.m. until 3:00 p.m. (*Id.* at 34-37.) Afterward, Jordan drove the government car back to the recruiting office, intending

to leave it there and ride home with his wife. (*Id.* at 79-80.) However, Jordan's wife was unable to pick him up, so he drove the government car home. (*Id.* at 80-84.)

Subsequently, Jordan picked up his nephew, Lamont Brown, in the government car, and the two went to Hammond, Indiana to visit another relative, Gary Gaines. (*Id.* at 90-100.) After spending several hours at Gaines' house and consuming four or five vodka drinks, Jordan got into the government car and headed back to Chicago. (*Id.* at 107-12.) While he was driving north on Interstate 94, Jordan hit plaintiff's car. (Pl.'s Supplemental LR 56.1(b)(3)(B) Stmt. ¶ 4.) At the time, his blood alcohol level was over the legal limit. (*Id.*, Ex. B, Jordan Dep. at 45.)

On May 22, 2007, plaintiff filed an administrative claim pursuant to the Federal Tort Claims Act ("FTCA"). (Pl.'s Supplemental LR 56.1(b)(3)(B) Stmt. ¶ 18.) On September 24, 2007, the U.S. Department of Navy denied her claim because Jordan was not acting within the scope of his employment at the time of the accident. (*Id.*) Thereafter, plaintiff filed this suit.

**Discussion**

To prevail on a summary judgment motion, "the pleadings, the discovery and disclosure materials on file, and any affidavits [must] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

The FTCA makes the United States liable "for . . . personal injury or death caused by the negligent or wrongful act or omission of any [U.S. government] employee . . . acting within the scope of his office or employment." 28 U.S.C. §§ 2672, 2674. The government says it is entitled to judgment on plaintiff's claims because the record establishes that Jordan was not acting within the scope of his employment at the time of the accident.

Jordan's actions were within the scope of his employment if they were "of the kind he [was] employed to perform . . . [,] occur[red] substantially within the authorized time and space limits . . . [and were] actuated, at least in part, by a purpose to serve the master." *Pyne v. Witmer*, 543 N.E.2d 1304, 1308 (Ill. 1989) (quotation omitted); *see* 28 U.S.C. § 2672 (stating that scope of employment is determined by state law). According to Jordan's testimony, his actions had none of those characteristics: (1) his recruiting duties at Navy Pier ended at 3:00 p.m.; (2) he did not have his supervisor's permission to take the government car home after the Navy Pier event; (3) he drove the car to Hammond to socialize with Gaines; and (4) he drove it back from Hammond, and hit plaintiff's car, while he was drunk, nearly twelve hours after he finished his work at Navy Pier. (Pl.'s Supplemental LR 56.1(b)(3)(B) Stmt., Ex. B, Jordan Dep. at 79-83, 106-08, 110-15.)

Despite this testimony, plaintiff says there is still a genuine issue as to scope of employment because there is evidence that: (1) Jordan was permitted to use the government car for personal business; and (2) he went to Hammond not only to visit Gaines but to follow up with a potential Navy recruit as well. The Court disagrees.

Viewed favorably to plaintiff, the record supports the inference that Jordan had tacit permission to use the government car to travel between work and home. (*Id.* at 22.) But there is no evidence that he was authorized to drive the car for any other personal business, let alone to do so when he was intoxicated. (*See id.* at 63-64 (answering "I can't honestly say," when asked if other

recruiters stationed at Great Lakes Naval Base used government cars for personal business); *id.* at 112 (testifying that he knew he was not supposed to drive a government car while intoxicated)).

The record also does not suggest that Jordan went to Hammond to conduct Navy business. The only evidence plaintiff offers to support this assertion is the affidavit of one of her lawyers, Marion Cruz, which recounts a conversation Cruz had with Lamont Brown. (*See* Pl.'s Supplemental LR 56.1(b)(3)(B) Stmt., Ex. F, Cruz Aff.) Brown's statements to Cruz, however, are inadmissible hearsay, which cannot be used to defeat summary judgment. *See* Fed. R. Evid. 801; *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996) ("[A] party may not rely upon inadmissible hearsay in an affidavit or deposition to oppose a motion for summary judgment.")

## Conclusion

For the reasons set forth above, there is no genuine issue of material fact on plaintiff's claims against defendant, which is entitled to judgment as a matter of law. Defendant's motion for summary judgment [doc. no. 16] is, therefore, granted and this case is terminated.

**SO ORDERED.**  **ENTERED:**

**March 12, 2009**

*[signature: Ronald A. Guzman]*

**HON. RONALD A. GUZMAN**
**United States District Judge**